IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MICHAEL CARMIE ANTONELLI                                    PETITIONER


v.                           NO. 2:06CV00117 JLH-JFF


LINDA SANDERS, Warden,
FCI Forrest City, Arkansas;
and MICHAEL GAINES, Chairman,
United States Parole Commission                            RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District

Court Judge J. Leon Holmes.   Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no

later than eleven (11) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party.  Failure to file timely objections may result

in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

District Judge, you must, at the same time that you file your written objections, include

the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof,  and a copy,  or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241.  For the reasons that follow, the Magistrate Judge undersigned

recommends that the petition be dismissed summarily.

On October 17, 1978, the United States District Court for the Northern District

of Illinois sentenced Petitioner to 22 years' imprisonment on convictions for several

offenses, including aiding and abetting the misapplication of funds of a bank insured

by the FDIC.  After being released on parole, Petitioner committed the offense of bank

fraud.  On July 1, 1998, he was convicted of that crime in the United States District

Court for the Northern District of Illinois. On September 10, 1998, Petitioner was sentenced to 36 months' imprisonment.  On July 16, 1999, he was released on parole.

On October 13, 2001, a criminal complaint was filed in the United States District Court for the Northern District of Illinois alleging that Petitioner robbed the Firstar Bank in Burbank, Illinois, on October 12, 2001. On February 27, 2002, Petitioner plead guilty to bank robbery in the United States District Court for the Northern District of Illinois. On June 24, 2002, Petitioner was sentenced to 72 months' imprisonment. Petitioner currently is serving this sentence at the Federal Correctional Complex in Forrest City, Arkansas ("FCC").

The instant § 2241 petition, which Petitioner filed on May 1, 2006,  is the eighth § 2241 petition filed by Petitioner in this Court in the last fifteen months. His other seven § 2241 petitions have been dismissed, two of them summarily on the Magistrate Judge undersigned's recommendation. Antonelli v. Sanders, No. 2:05CV00044 SWW-JWC (E.D. Ark. Nov. 29, 2005) (adopting recommended disposition and dismissing petition challenging sentencing court's restitution order, finding, inter alia, that Petitioner's claim that the court's order was an impermissible delegation of power should have been brought in the sentencing court and that his challenge to the IFRP's payment schedule was without merit); Antonelli v. Sanders, No. 2:05CV00206 JFF (E.D. Ark. Nov. 7, 2005) (dismissing petition seeking job placement in UNICOR, finding that Petitioner failed to make allegations even tending to show a violation of his constitutional rights); Antonelli v. Sanders, No. 2:05CV00207 WRW-HLJ (E.D. Ark. March 10, 2006) (adopting recommended disposition and dismissing, without prejudice, petition seeking reduction in Petitioner's sentence based on his participation in a drug rehabilitation

program, finding that "[a]t this point, Petitioner cannot establish that he has a right to be considered for early release, because he was expelled from the program and did not complete its requirements" and that "until he exhausts the issues surrounding his expulsion, resolves that dispute in his favor and is re-instituted into the program, there is no basis for this court to review his claim"); Antonelli v. Sanders, No. 2:05CV00224 JTR (E.D. Ark. December 30, 2005) (dismissing, as meritless, petition seeking to have the BOP recalculate Petitioner's good-time credits consistent with his interpretation of 18 U.S.C. § 3624(b)); Antonelli v. Gaines, No. 2:05CV00261 JFF (E.D. Ark. Dec. 7, 2005) (dismissing, as baseless, petition alleging that the United States Parole Commission violated Petitioner's right to due process by failing to execute a parole violator warrant lodged against him as a detainer, that he has a due process right to a revocation hearing before his sentence is completed, and that the Sentencing Reform Act of 1984 mandates that he be given a determinate outdate by November 1, 2005); Antonelli v. Sanders, No. 2:05CV00314 WRW-JFF (E.D. Ark. April 3, 2006) (adopting recommended disposition and summarily dismissing petition claiming that prison officials were infringing upon Petitioner's "constitutional rights to petition for redress," impairing "his rights to grieve," and failing to abide by BOP policies on administrative procedure, finding that Petitioner failed to state facts pointing to a real possibility of constitutional error); Antonelli v. Sanders, No. 2:06CV00052 SWW-JFF (E.D. Ark. March 15, 2006) (adopting recommended disposition and summarily dismissing petition alleging that Warden Sanders violated BOP Program Statement 5100 by not transferring Petitioner to a prison facility within a 500 mile radius of his home in Illinois, finding that Petitioner failed to state facts pointing to a real possibility of constitutional

error).

It is Petitioner's *modus operandi* in this Court to file frivolous motions, often unrelated to the case at issue, after judgment had been entered against him.  For example, in Antonelli v. Sanders, No. 2:05CV00206 JFF, Petitioner, after entry of judgment, filed a motion for judgment on the pleadings and a motion to consolidate his closed § 2241 petition with a Bivens[1] action filed in this Court (Antonelli v. Depoorter, et al., No. 2:06CV00061 WRW-JWC). In Antonelli v. Gaines, No. 2:05CV00261 JFF, Petitioner, after entry of judgment, filed a motion for emergency protective order asserting that he was threatened by prison staff, an issue unrelated to any issue in the case. In Antonelli v. Sanders, No. 2:05CV00314 WRW-JFF, Petitioner, after entry of judgment, filed a motion to stop retaliatory transfer to a USP, which was unrelated to any issue in the case, and a motion to consolidate the case with his Bivens action. In Antonelli v. Sanders, No. 2:06CV00052 SWW-JFF, Petitioner, after entry of judgment, filed a baseless motion for relief from judgment, an emergency motion for protective order asserting that he had been threatened by prison staff, an issue unrelated to any issue in the case, and a motion for order to stop transfer to a high security USP, a motion unrelated to any issue in the case.

On March 6, 2006, Petitioner filed the aforementioned Bivens action (Antonelli v. Depoorter, et al., No. 2:06CV00061 WRW-JWC) in this Court, naming eighteen separate Defendants. On March 31, 2006, the Court ordered Petitioner to file an amended complaint that contained only specific information requested by the Court in

---

[1] Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

the order, including how each defendant named violated his constitutional rights and short and concise explanations of his claims.  In response to the Court's order to amend, Petitioner attempted to file an entirely new complaint adding ten additional defendants and attempted to bring a class action on behalf of himself and "Plaintiffs A,B,C, through X, Y, Z and all those similarly situated."  The additional ten defendants included "Jane Doe, John Doe through Jill Schmoe." Petitioner also attempted to allege causes of action pursuant to the Federal Tort Claims Act, the Declaratory Judgment Act, the mandamus statute, the habeas statute, and the Freedom of Information Act. Petitioner's "amended" complaint consisted of 63 handwritten pages. In his new complaint, Petitioner alleged, *inter alia*, that the defendants (1) deprived him of placement in UNICOR in retaliation for his exercising his First Amendment rights to petition the government for redress of inmate grievances, (2) wrongfully placed him on the wrong UNICOR placement list for a repeatedly indefinite period, (3) filed false disciplinary charges against him, resulting in his being cast into the prison hole, (4) denied him a prompt hearing on disciplinary charges, resulting in his disciplinary transfer to a high security USP, (5) refused to provide him with a storage locker for all his excess legal property, (6) failed to allow his personal and legal property to be secured in reprisal for his having filed legal complaints against staff, (7) boycotted his "positive speaking class" in reprisal for his exercising his first amendment rights to petition for redress and assist others in drafting inmate petitions for redress, (8) infringed upon his access to the law library in front of "a host of other inmates," (9) deprived him of use of a copying machine, (10) failed to inventory all of his property in his locker, (11) deprived him of the "40,00 pay" for completing the second phase of the

RDAP Program, (12) embarrassed him by insinuating to the RDAP class that he had

passed gas, (13) violated BOP Policy Statement 5100 by not making every effort to

assign him to a facility near his family, and (14) sabotaged his attempts to communicate

with Ralph Nader.[2]

On May 2, 2006, United States Magistrate Judge Jerry Cavaneau issued a

recommended disposition recommending that Petitioner's lawsuit be dismissed without

prejudice as frivolous due to his failure to prosecute the action diligently, comply with

the Court's order, and comply with federal pleading requirements. In so recommending,

Judge Cavaneau found in pertinent part as follows:

> Plaintiff's proposed amended complaint is not only in flagrant violation of
> [Federal Rules of Civil Procedure 8(a)(2) and 8(e)(1)], but a mockery of
> this Court's order. The Court should neither entertain his sixty-three page
> response nor subject its staff or the Court's resources to it in an attempt
> to decipher the true essence of any legitimate claims he may have.
> Moreover, Plaintiff has demonstrated his complete lack of respect for

---

[2] In support of his claim that prison staff sabotaged his attempts to communicate with Ralph Nader, Petitioner alleges that during the mid-1980's he worked with Ralph Nader's Freedom of Information Clearinghouse Project in Washington, D.C. It is important to note that in the 1980's Petitioner "made hundreds of FOIA requests on behalf of other persons to various law enforcement agencies, with the written consent of the third parties." FOIA Update, *Surrogate FOIA Requests Increasing*, Vol. VII, No. 1, p. 3 (1986), at http://usdoj.gov/oip/foia_updates/Vol_VII_1/page1.htm. When he was "dissatisfied with an agency's response to such a request," he brought a FOIA lawsuit against the agency in his own name. Id. Petitioner filed dozens of such lawsuits, including many which "raised an issue of his entitlement to file such actions" *in forma pauperis*. Id. The Department of Justice challenged the veracity of Petitioner's applications to proceed *in forma pauperis* in more than two dozen cases. Id. The challenge "led to an unprecedented series of court rulings dismissing Antonelli's lawsuits, *with prejudice*, as a sanction for his misrepresentations." Id. "In upholding the principle of these rulings on appeal," Patricia M. Wald, the Acting Chief Circuit Judge for the United States Court of Appeals for the District of Columbia Circuit, noted Petitioner's "fraud." Id. (citing Antonelli v. DEA, No. 85-6118, slip op. at 3 (D.C. Cir. Feb. 20, 1986)).

pursuing the legitimate legal process as well as his unwillingness to comply with Court orders. For example, between April 12, 2006 and April 24, 2006 alone, Plaintiff filed four separate motions to consolidate four of his previously dismissed and closed 28 U.S.C. § 2241 habeas corpus actions with the present matter. . . .

Antonelli v. Depoorter, et al., No. 2:06CV00061 WRW-JWC, Recommended Disposition at 3.

On May 10, 2006, United States District Judge William R. Wilson, Jr., adopted Judge Cavaneau's recommendations and entered judgment dismissing Petitioner's lawsuit without prejudice.

In the instant § 2241 petition, Petitioner alleges the following grounds for relief:

1.    "I am serving an extended sentence on old law parole due to an unconstitutional conviction uncounseled where I did not waive counsel at a critical state resulting in a loss of 'street time' served while on parole that otherwise would shorten my sentence on parole after I am released. I have to serve 4 ½ years on parole which would be reduced by about 8 mos absent reliance on this infirm conviction under Gideon. Case No. 94-MC5-005738 and Y4-233-619 in the Circuit Courts of Cook County Illinois, are being used to lengthen my parole term. . . .";

2.    "I am serving an extended sentence on old-law parole due to an unconstitutional conviction uncounseled where I did not knowingly & willingly waive counsel at a critical stage resulting in a loss of 'street time' served while on parole that otherwise would shorten my sentence on parole after I am released. My 4 ½ years of parole I have yet to serve would be reduced by about 12 months absent reliance on this infirm conviction under Gideon. Case No. 92-GR-1892 in the Circuit Court of Cook County is being used to lengthen my parole term. . . .";

3.    "I am serving an extended sentence on old-law parole due to an unconstitutional bank fraud conviction in 1998 from which I lost 19 months of time spent on federal parole under an 'old law' conviction. I seek to invalidate the 1997 bank fraud conviction and recovery of the lost credit for 'street time' that will shorten my parole term by 19 months. I am challenging not only the constitutionality of that conviction because I was denied my

– 8 –

substantial constitutional rights by the USA in case 97 CR-194 in Federal Court in Chicago, Illinois, but specifically also that the United States Parole Commission improvidently took 'street time' in 1998 for an offense that occurred in 1987, eleven years prior, after I was in and out of prison on numerous other parole violations. My contentions are that the Commission could not nunc pro tunc take the street time after being in and out of prison on numerous other violations for something 11 years prior and fully litigated once by the Commission. . . .";

4.     The detainer lodged against Petitioner by the United States Parole Commission violates his right to due process, and the unreasonable delay in the holding of a revocation hearing violates his right to due process[3];

5.     Because Petitioner and 4000 other prisoners linger with a parole revocation warrant unexecuted upon them, the "old law" date leaves them with an indeterminate outdate indefinitely, which "smacks in contrast to the intent of Congress" that the prisoners have a determinate outdate;

6.     Petitioner's indefinite detention in the Special Housing Unit without any detention order, due process, or just cause is unconstitutional and in violation of due process and BOP policy;

7.     The Warden has failed to make available a typewriter, copying machine, and sufficient legal materials, paper, stamps, and envelopes to assure that Petitioner is able to file his petitions with "legal proficiency";

8.     Petitioner has been denied adequate access to his own legal property and is "unable to support his pleadings with his own exhibits or citation that he has no access to";

9.     Petitioner has been denied his constitutional rights to petition the government for redress of grievances and his right to access to the courts because his grievances were not answered or filed; and

10.    Petitioner is being transferred to a high USP facility in retaliation

---

[3] Petitioner asserts that if he had had a prompt hearing, he could have proven that he was spiked with PCP and was "totally out of touch with reality" and not legally culpable for the conduct which is the basis for the new crime underlying the parole revocation warrant.

for having exercised "his clearly established constitutional rights to petition government for redress of his grievances and assisting other prisoners to petition government for redress."

For relief, Petitioner requests, *inter alia*, restoration of street time, cancellation of the parole violator warrant, immediate execution of the parole violator warrant, a local hearing in Chicago, Illinois, at once, certification of this petition as a class action on behalf of 4000 old law prisoners, his removal from the Special Housing Unit, immediate access to the inmate grievance system, and an order prohibiting his transfer to "a USP."

Relief under § 2241 shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal habeas corpus petition is required to "specify all the grounds for relief available to the petitioner " and  "state the facts supporting each ground." Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005).  "'If it plainly appears from the petition [and any attached exhibits] that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." Mayle v. Felix, 125 S. Ct. at 2570 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).  Habeas Rules 2 and 4 are applicable to § 2241 petitions through Rule 1(b). Christian v. Holt, 2005 U.S. Dist. LEXIS 31054 at 2 (M.D. Pa. Nov. 8, 2005); Hairston v. Nash, 2005 U.S. Dist. LEXIS 24172 at 3-4 (D.N.J. Oct. 14, 2005).  To avoid summary dismissal of a § 2241 petition, a petitioner must "'state facts that point to a real possibility of constitutional error'" or state facts that point to a real possibility of a violation of federal law. See Mayle v. Felix, 125 S. Ct. at 2570 (quoting Advisory Committee's Note on Habeas Corpus Rule 4); Franklin v. Rose, 765

F.2d 82, 85 (6th Cir. 1985); <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1096 (1991).

In Claims 1 and 2, Petitioner is attacking his Illinois state convictions.  Petitioner may not use § 2241 to challenge his state convictions. <u>Singleton v. Norris</u>, 319 F.3d 1018, 1022-23 (8th Cir.), <u>cert. denied</u>, 540 U.S. 832 (2003); <u>Crouch v. Norris</u>, 251 F.3d 720, 723 (8th Cir. 2001); <u>Croady v. Vaughn</u>, 251 F.3d 480, 485 (3rd Cir. 2001).  Section 2254 is the only means by which a prisoner can make such a challenge. <u>Singleton</u>, 319 F.3d at 1022-23.  In Claims 1 and 2, Petitioner also alleges that his Illinois state convictions are being used to lengthen his parole term. Petitioner has not stated facts which point to a real possibility of constitutional error or of a violation of federal law.  Accordingly, he is not entitled to relief on his claim that his Illinois state convictions are being used to lengthen his parole term.  Furthermore, this claim constitutes an abuse of the writ as Petitioner could have raised the claim in one of his prior § 2241 petitions, but did not. <u>Zayas v. INS</u>, 311 F.3d 247, 256-258 (3rd Cir. 2002).

In Claim 3, Petitioner is attacking his 1998 conviction for bank fraud.  Because Petitioner's sentence on the bank fraud conviction had fully expired at the time he filed this § 2241 petition, he is no longer in custody on the conviction. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-492 (1989).  Accordingly, this Court lacks jurisdiction to entertain Petitioner's challenge to this conviction.  <u>Id</u>.  Furthermore, the appropriate remedy for Petitioner's challenge to his bank fraud conviction is a § 2255 petition filed in the sentencing court, not a § 2241 petition filed in this Court.  "A petitioner who seeks to challenge his [federal] sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first

showing that § 2255 would be inadequate or ineffective." <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), <u>cert. denied</u>, 125 S. Ct. 2984 (2005). Section 2255 is not inadequate or ineffective simply because there is a procedural barrier to bringing a § 2255 motion. <u>Id</u>.; <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000).  Petitioner has not shown that § 2255 is inadequate or ineffective to challenge his conviction for bank fraud.

In Claim 3, Petitioner also contends that the United States Parole Commission improvidently took 'street time' in 1998 for an offense that occurred in 1987.  He seeks credit for the "street time." The Magistrate Judge finds that Petitioner has filed a § 2241 petition raising the same claim in the United States District Court for the Eastern District of Texas. <u>Antonelli v. Lappin</u>, No. 1:04-cv-00253-TH-ESH (E.D. Tex). This petition is still pending. The Magistrate Judge finds that Petitioner's claim concerning the Parole Commission's taking of street time is duplicative and should be dismissed. <u>See</u> <u>Piedra v. Aguirre</u>, 2005 U.S. App. LEXIS 5137 at 2 (10th Cir. March 29, 2005). Even if this claim were considered on the merits, Petitioner would not be entitled to relief. Petitioner has not stated facts that point to a real possibility of constitutional error or of a violation of federal law.

In Claims 4 and 5, Petitioner alleges that the detainer lodged against him by the United States Parole Commission violates his right to due process, that the unreasonable delay in the holding of a revocation hearing violates his right to due process, and that he is entitled to an determinate outdate. These claims were resolved against Petitioner on the merits in one of his prior § 2241 petitions - - <u>Antonelli v. Gaines</u>, No. 2:05CV00261 JFF.  The Magistrate Judge finds that the claims should be

dismissed as meritless. The Magistrate Judge also finds that the claims constitute an abuse of the writ. <u>Davis v. Fechtel</u>, 150 F.3d 486, 490-91 (5th Cir. 1998); <u>Zayas</u>, 311 F.3d at 256-258.

In Claims 6, 7, 8, and 10, in which Petitioner makes several allegations that he made in his <u>Bivens</u> action, Petitioner challenges the conditions of his confinement. The Magistrate Judge finds that the appropriate remedy for these claims is a <u>Bivens</u> action, not a § 2241 petition. <u>Boyce v. Ashcroft</u>, 251 F.3d 911, 914 (10th Cir. 2001), <u>vacated as moot</u>, 268 F.3d 953 (10th Cir. 2001). While the Eighth Circuit has held that a federal prisoner may seek habeas relief to challenge conditions of his confinement, provided that he alleges a "'substantial infringement of a constitutional right,'"[4] Petitioner has not made allegations approaching a showing of a substantial infringement of his constitutional rights.

In Claim 9, Petitioner alleges that he has been denied his constitutional rights to petition the government for redress of grievances and his right to access to the courts because his grievances were not answered or filed. These claims were resolved against Petitioner on the merits in one of his prior § 2241 petitions - - <u>Antonelli v. Sanders</u>, No. 2:05CV00314 WRW-JFF. The Magistrate Judge finds that the claims should be dismissed as meritless. The Magistrate Judge also finds that the claims constitute an abuse of the writ. <u>Davis v. Fechtel</u>, 150 F.3d at 490-91.

In conclusion, Petitioner's current § 2241 petition constitutes an abuse of the judicial process. He has raised claims that are legally baseless, that are not cognizable

---

[4] <u>Albers v. Ralston</u>, 665 F.2d 812, 815 (8th Cir. 1981) (quoting <u>Willis v. Ciccone</u>, 506 F.2d 1011, 1019 (8th Cir. 1974)).

in a § 2241 petition, that this Court decided adversely to him in one of prior § 2241 petitions, that he could have raised in a prior petition, or that are duplicative of claims pending in other courts.

"'Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.'" In re McDonald, 489 U.S. 180, 184 n. 8 (1980) (quoting In re Martin-Trigona, 737 F.3d 1254, 1261 (2d Cir. 1984)); In re Chapman, 328 F.3d 903, 905 (7th Cir. 2003). "'Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.'" In Re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) (quoting People of the State of Colorado v. Carter, 678 F. Supp. 1484, 1486 (D. Colo. 1986)).  Furthermore, "'[d]efendants have a right to be free from harassing, abusive, and meritless litigation.'" In re Tyler, 839 F.2d at 1293 (quoting Carter, 678 F. Supp. at 1486).  Federal courts have an obligation to exercise their authority to protect litigants from harassing and abusive behavior. Carter, 678 F. Supp. at 1486.  Where a party engages in a continuous pattern of conduct that amounts to an abuse of the judicial process, and it appears likely that this behavior will continue, the court may impose appropriate restrictions on the party's right to file pleadings. In re Green, 669 F.2d 779, 785-788 (D.C. Cir. 1981); Green v. White, 616 F.2d 1054, 1055-56 (8th Cir. 1980); In re Tyler, 839 F.2d at 1294-95; Sanders v. Morrison, No. 2:02CV00066 JFF (E.D. Ark. June 11, 2003); Pennington v. Brownlee, et al., No. 5:03CV00226 JFF-GH (E.D. Ark. Nov. 6, 2003) (adopting recommended disposition); Lewis v. Cockrell, 2002 U.S. Dist. LEXIS 7346 at 2-3 (N.D. Tex. April 25, 2002).

With his repetitive, duplicative, frivolous, and abusive filings, the Petitioner has caused the judges of this Court to expend a substantial amount of time that otherwise could have been spent on petitions filed by prisoners who do not abuse the judicial process. It is highly likely that Petitioner will continue to file abusive pleadings if he is not enjoined from prosecuting actions without permission from this Court.[5] Accordingly, the Magistrate Judge recommends that the following order be entered[6]:

> Petitioner may not file any complaint, habeas petition, motion, or other document in this Court without first obtaining permission from Chief Judge J. Leon Holmes. In seeking permission from Judge Holmes to file a complaint, habeas petition, motion, or other document raising a claim for relief, Petitioner must certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. He must also certify that he has fully exhausted his administrative remedies with respect to each claim and present proof of such exhaustion. In seeking permission to file a habeas petition raising a new claim, Petitioner also must state why he did not raise the claim in

---

[5] In so finding, it is important to note that Petitioner has abused the judicial process in other courts. The United States Supreme Court has entered an order barring prospective filings by Petitioner because of his abuse of the writ of *certiorari* and extraordinary writs in noncriminal cases. Antonelli v. Caridine, 528 U.S. 3, 4-5 (1999). The United States District Court for the Eastern District of Texas has noted that Petitioner has filed a "multitude of suits and appeal," including more than 94 actions at the district court level, and that many of Petitioner's suits and appeals have been dismissed as frivolous or for failure to state a claim. Antonelli v. Miles, et al., No. 1:03-cv-00281-MAC-ESH, recommended disposition at 2 (E.D. Tex. May 15, 2003).

[6] Others courts, including judges in this district, have entered similar orders. In re Green, 669 F.2d at 787 (barring petitioner from filing any civil action without leave of court and requiring him to certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court); Sanders v. Morrison, No. 2:02CV00066 JFF (barring petitioner from filing any more petitions, motions, or other documents pursuant to § 2241 or § 2255 unless Judge Forster or Judge Wilson authorizes the filing); Pennington v. Brownlee, et al., No. 5:03CV00226 JFF-GH (barring petitioner from filing any more petitions, motions, or other documents pursuant to § 2241 or § 2254 unless Judge Howard authorizes the filing); Lewis, 2002 U.S. Dist. LEXIS 7346 at 2-3 (noting petitioner had been barred from filing complaints, motions, and habeas petitions without permission from a district or circuit judge).

a prior habeas petition.  If Petitioner fails to comply with this order or files a false certification, Petitioner may be found in contempt of court and punished accordingly.[7]

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed summarily with prejudice. The Magistrate Judge further recommends that the following order be entered:

Petitioner may not file any complaint, habeas petition, motion, or other document in this Court without first obtaining permission from Chief Judge J. Leon Holmes. In seeking permission from Judge Holmes to file a complaint, habeas petition, motion, or other document raising a claim for relief, Petitioner must certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. He must also certify that he has fully exhausted his administrative remedies with respect to each claim and present proof of such exhaustion. In seeking permission to file a habeas petition raising a new claim, Petitioner also must state why he did not raise the claim in a prior habeas petition.  If Petitioner fails to comply with this order or files a false certification, Petitioner may be found in contempt of court and punished accordingly.

Dated this 11th day of May, 2006.

_____/s/ John F. Forster, Jr._____
UNITED STATES MAGISTRATE JUDGE

---

[7]  The Magistrate Judge notes that if a federal prisoner, while serving a term of imprisonment, commits an offense, such as criminal contempt, the sentence for the offense "shall be imposed to run consecutively to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a) (2005).